SUPERIOR COURT
OF THE

**RICHARD F. STOKES**
*JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE 2**
**GEORGETOWN, DE 19947**
**TELEPHONE (302) 856-5264**

October 5, 2016

James St. Louis
SBI# 00446518
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

  RE: *State of Delaware v. James St. Louis*,
   Def. ID# S0009015005 (R-7)

    DATE SUBMITTED: September 16, 2016

Dear Mr. St. Louis:

Defendant James St. Louis ("Defendant") has filed his seventh Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] For the reasons expressed below the motion is summarily dismissed.

On May 1, 2001, after a jury trial, Defendant was found guilty of Rape in the First Degree and Continuous Sexual Abuse of a Child. On June, 22, 2001, Defendant was sentenced as follows: for Rape in the First Degree, 30 years at Level Five, suspended after 20 years for six months at Level Four, followed by nine years six months at Level Three and for Continuous Sexual Abuse of a Child, ten years at Level Five, suspended after two years for eight years at

---

[1] The applicable version of Rule 61 is that effective on June 4, 2014, as amended by an order of this Court dated May 29, 2015.

1

Level Three. Defendant filed an appeal to the Delaware Supreme Court on July 19, 2001. The Supreme Court affirmed this Court's decision May 24, 2002.[2]

On September 16, 2016, Defendant filed his seventh Motion for Postconviction Relief. He makes several claims: (1) the prosecution interfered with Defendant's defense, namely by suppressing impeachment evidence, (2) the prosecution condoned and possibly facilitated witness tampering, to which the defense turned a blind eye, (3) defense counsel was working with the prosecution to convict Defendant, and (4) various ineffective assistance of counsel claims related to the above allegations.

All of these allegations are merely repackaging claims that have been subject to prior adjudications. Defendant does not plead with particularity that new evidence exists that creates a strong inference that he is actually innocent in fact of the acts underlying the charges of which he was convicted or plead with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to his case and renders the conviction invalid. Thus, this Court dismisses the motion summarily pursuant to Rule 61(d)(2) and (i)(2). All of the procedural bars of Rule 61(i) apply to this motion.

Because Defendant does not meet the requisites of Rule 61(d)(2), he is not entitled to the appointment of counsel.[3] In addition, because Defendant's motion must be denied summarily, the Court concludes no need for a hearing exists.

The Court also notes that this is Defendant's seventh Rule 61 motion. It is not the Court's intention to waste scarce judicial resources on such frivolous claims. Should this

---

[2] *St. Louis v. State*, 798 A.2d 1042, 2002 WL 1160979, at *1 (Del. May 24, 2002)(TABLE).
[3] Rule 61(e)(4).

2

decision be affirmed on appeal, the State of Delaware should give consideration to the applicable rule allowing the movant to be held responsible for costs and expenses paid from public funds.[4]

For the foregoing reasons, Defendant's motion for postconviction relief is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office
    Melanie C. Withers, Esquire
    Public Defender's Office

---

[4] Rule 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").